UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>Petitioner,<br><br>v.<br><br>KEN CLARK, Warden,<br><br>Respondent. | No. 2:21-cv-00228 GGH P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding in pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 11.

Petitioner challenges a Rules Violation Report he received charging him with fighting with his cellmate. Petitioner states the report contained insufficient evidence and that petitioner was neither provided the report itself nor afforded a disciplinary hearing. Petitioner further alleges he was "entrapped" by the government to commit the offense by misclassifying petitioner and placing him with a cellmate known to have a violent history. ECF No. 11 at 4-6. Petitioner alleges violations of his Eighth Amendment for cruel and unusual punishment and his Fourteenth Amendment for lack of due process.

In its present form, the petition appears to include only unexhausted claims. When asked whether the grounds were appealed, petitioner states it was not applicable. ECF No. 11 at 1-3. When further asked whether petitioner sought review by a higher state court, petitioner stated it

was not applicable. Id. at 2. Claims presented in a federal habeas petition must be first presented to the California Supreme Court either by way of petitioning for direct review after an appeal has been denied in the California Court of Appeal, or by way of a habeas corpus petition presented to the state supreme court. Based on petitioner's assertions, petitioner has not satisfied these exhaustion requirements.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. However, "a district court has the discretion to stay and hold in abeyance fully unexhausted petitioners under the circumstances set forth in Rhines." Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (citing Rhines v. Weber, 544 U.S. 269 (2005)). Accordingly, the undersigned will provide petitioner an opportunity to move for a stay under Rhines.

A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. A petitioner qualifies for a stay under Rhines so long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, 544 U.S. at 277-78. Although good cause does not require

"extraordinary circumstances," courts must "interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)). The Ninth Circuit has further rejected a "broad interpretation of 'good cause.'" Wooten, 540 F.3d at 1024. Instead, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Pursuant to Rhines, petitioner will be granted an opportunity to file a motion for stay and abeyance in which he sets forth good cause for failure to exhaust his claims prior to filing his current federal habeas petition; that is unexhausted claims are meritorious; and that he has not been dilatory in proceeding on his claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall have thirty days to file a motion for stay and abeyance. If petitioner has in fact completed exhaustion, he shall provide proof of such in lieu of the motion to stay; and

2. Petitioner is warned that failure to file a motion for stay and abeyance within the court's deadline will result in a recommendation that this action be dismissed as unexhausted.

Dated: November 19, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE