UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KEN CLARK,<br><br>　　　　　Respondent. | No.  2:21-cv-0228 CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.  The court has conducted that review.

　　　Petitioner challenges a prisoner transfer order issued in 1997.  The order resulted in petitioner being transferred from Corcoran State Prison to Folsom State Prison and then to Salinas Valley State Prison.  Petitioner asserts the transfer was done in violation of California law.

　　　Under 28 U.S.C. § 2254, a petition for a writ of habeas corpus can only be granted for a violation of federal law.  Petitioner fails to point to anything that suggests the challenged transfer order violates federal law and petitioner generally does not have a federal right to be housed at any particular prison.  Meachum v. Fano, 477 U.S. 215, 224 (1976).

1

Furthermore, a claim can only be brought in an action for writ of habeas corpus under 28 U.S.C. § 2254 if success on the claim would result in immediate release or a shorter duration of confinement. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016). Reversal of the transfer order would not speed up petitioner's release.

It appears that petitioner blames convictions in the Superior Court of Monterey County (Case No. SS990255) for two counts of sodomy by force, three counts of forcible oral copulation, and one count of possession of a deadly weapon by a prisoner, for which he was sentenced to five consecutive indeterminate terms of 50 years to life, with five-year serious-felony enhancement, see People v. Hatchett, No. H024371, 2003 WL 21008765 (Cal. Ct. App. May 6, 2003), on the allegedly unlawful transfer. Essentially, petitioner claims that he would have never been in the same cell as the victim had he not been illegally transferred. While that may be true, petitioner fails to point to anything suggesting the allegedly illegal transfer justified petitioner committing those crimes for which he was convicted and it is impossible to imagine how that would be the case.

Finally, it appears petitioner's challenge to the transfer order is barred by one-year statute limitations period applicable in § 2254 actions found in 28 U.S.C. § 2244.

For these reasons the court will recommend that petitioner's amended petition for a writ of habeas corpus be summarily dismissed.

Accordingly, IT IS HERBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for writ of habeas corpus be summarily dismissed; and
2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a

certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 29, 2022

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hatc0228.frs