UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT, | No. 2:21-cv-0228 KJM CKD |
| Petitioner, | |
| v. | ORDER |
| KEN CLARK, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 29, 2022, the magistrate judge filed findings and recommendations, which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within fourteen days.  Petitioner has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  For the reasons explained in this order, the court declines to adopt the findings and recommendations.

This action is proceeding on petitioner's first amended petition, filed July 21, 2021.  ECF No. 11.  The magistrate judge construes the petition as challenging "a prison transfer order issued

1

in 1997." ECF No. 20 at 1. The magistrate judge further construes petitioner's claims as attributing the allegedly unlawful transfer to convictions he suffered in Monterey County. *Id*. at 2. The magistrate judge recommends summary dismissal of the action because (1) petitioner's challenge to the transfer order is not properly raised in this habeas corpus action; and (2) petitioner's challenge to the transfer order appears barred by the one-year statute of limitations. *Id*.

Petitioner challenges a rules violation report that he received for fighting with his cellmate. ECF No. 21, at 1; *see also* November 19, 2021 Order, ECF No. 13, at 1; ECF No. 11 at, *e.g.*, 2, 4-5. It is not clear from the record when or where petitioner suffered this rules violation report. Petitioner alleges he received an 18 month SHU (secure housing unit) term and a new prison sentence of 55 years to life. ECF No. 11 at 5. In his objections, petitioner contends that he represented himself in a case identified by number SS990255. ECF No. 21 at 4. He asserts that he was initially sentenced to 255 years to life in prison on that conviction; that the case was reversed and remanded for resentencing, and that on remand "the court was given the option of sentencing petitioner to 55 to life or 15 to life" and that based on the rules violation report at issue the court sentenced him to 55 years to life in prison, to run concurrently with a sentence of 25 years to life imposed by the Yolo County Superior Court. *Id*.

A search of California court cases shows petitioner suffered a criminal conviction in Monterey County in Case No. SS990255. Petitioner's direct appeal to the California Court of Appeal for the Sixth Appellate District was assigned Case No. H021458, and his petition for review to the California Supreme Court was assigned Case No. S101098.[1] Review of the latter two on-line dockets shows that on August 28, 2001, the California Court of Appeal for the Sixth Appellate District reversed and remanded the matter to the trial court for resentencing,[2] and on /////

---

[1] For purposes of this order, the court takes judicial notice of relevant records from the California state courts. *See United States v. Raygoza-Garcia*, 902 F.3d 998, 1001 (9th Cir. 2018).
[2] *See* https://appellatecases.courtinfo.ca.gov/search/case/trialCourt.cfm?dist=0&doc_id=1832777&doc_no=S101098&request_token=NiIwLSEmPkw3W1BJSCMtXENJQFw0UDxfIyJORzNRMCAgCg%3D%3D

November 14, 2001, the California Supreme Court denied a petition for review of that decision.[3] The court infers that the rules violation report petitioner challenges in this action was incurred prior to the time of his resentencing. It is not clear from the record when petitioner was resentenced, though the court infers that petitioner must have been resentenced in some reasonable proximity to the California Supreme Court's November 14, 2001 denial of petitioner's petition for review.

On November 19, 2021, the court granted petitioner thirty days in which to file a motion for stay and abeyance of this action or to file proof of exhaustion. ECF No. 13. On December 6, 2021, petitioner filed a response to that order. ECF No. 24. In the response, petitioner asserts that the claims raised in his first amended petition have been exhausted through the California Supreme Court, but he presents no evidence to support this assertion. *Id*. His assertion is contradicted by the assertion in the first amended petition that petitioner had neither appealed nor sought collateral relief from the conviction he challenges in this action. *See* ECF No. 11 at 2-3.

From this review, the court concludes this action does arise under the habeas corpus statute to the extent petitioner challenges on due process grounds a prison rules violation report. It further appears this action is likely subject to summary dismissal because the claims are time-barred, unexhausted, or both. However, the record must be expanded to clarify when the rules violation conviction at issue occurred. In addition, petitioner will be given one opportunity to file a copy of the California Supreme Court petition, if any, that contains the federal claims raised in this action together with a copy of the California Supreme Court order disposing of that petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued April 29, 2022 are not adopted;
2. Within thirty days from the date of this order petitioner shall file a copy of the rules violation conviction challenged in this action and a copy of the California Supreme

---

[3] https://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=0&doc_id=1832777&doc_no=S101098&request_token=NiIwLSEmPkw3W1BJSCMtWEhIIFA0UDxfIyJORzNRMCAgCg%3D%3D.

Court petition, if any, that contains the federal claims raised in this action together with a copy of the California Supreme Court order disposing of that petition;

3. This court will retain this matter pending review of any of petitioner's filings, in the interest of judicial efficiency; and

4. Failure to comply with this order will result in the dismissal of this action.

DATED: September 12, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE