UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>            Petitioner,<br><br>   v.<br><br>KEN CLARK,<br><br>            Respondent. | No. 2:21-cv-0228 KJM CKD P<br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus under 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

By order filed September 13, 2022, the court declined to adopt findings and recommendations filed by the magistrate judge on April 29, 2022.  September 13, 2022 Order, ECF No. 23.  Instead, the court directed petitioner to file within thirty days a copy of the rules violation conviction for fighting with his cellmate that he challenges in this action, together with a copy of the California Supreme Court petition, if any, that contains the federal claims raised in this action and a copy of the California Supreme Court order disposing of that petition.  *Id*. at 3-4. The court retained jurisdiction over the matter pending review of the required filings and cautioned petitioner that failure to comply with the order would result in the dismissal of this action.  *Id*. at 4.

1

On September 21, 2022, petitioner filed a response to the court's order. ECF No. 24. Petitioner's response is not accompanied by any of the documents required by the September 13, 2022 order. Petitioner claims he has no copies of either the rules violation report, or a California Supreme Court petition, or a decision thereon. *Id*. at 2, 4.

Petitioner now asserts that the rules violation report at issue was not heard until 2022, and he reasserts that his petition also challenges a total of 285 points he has accumulated for "40 violent R.V.R.s falsified against the petitioner," which he contends contributed to his placement with the cellmate he was convicted of fighting with. *Id*. at 2. Petitioner's assertion that the rules violation charge was heard in 2022 is implausible; petitioner continues to contend the rules violation conviction contributed to the length of the prison sentence he received in Monterey County. Had the rules violation report at issue occurred in 2022, it could not have been considered in connection with the Monterey County sentence, which was imposed some time in 2002 or 2003.

After review of the first amended petition, ECF No. 11, the findings and recommendations filed April 29, 2022, ECF No. 20, and petitioner's response to the court's September 13, 2022 order, the court concludes that petitioner is attempting to challenge by this action one or more rules violation reports that he suffered prior to being resentenced in Monterey County for his conviction in Case No. SS990255. While the precise date of resentencing is not in the record, it must have occurred prior to the May 6, 2003 decision of the California Court of Appeal for the Sixth Appellate District in *People v. Hatchett*, No. 2003 WL 21008765, a decision on petitioner's second appeal from his Monterey County criminal conviction that followed the resentencing petitioner contends was affected by the rules violation report. Petitioner did not raise any claim concerning the rules violation report at issue on that appeal, nor did he seek relief from that decision in the California Supreme Court.[1]

---

[1] The court may take judicial notice of state court records related to petitioner's conviction. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A search of California Supreme Court records using petitioner's name shows that petitioner has filed eleven habeas corpus petitions in the California Supreme Court between August 19, 2005 and July 27, 2022. *See* https://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=0&search=party. There is

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner has been given at least two opportunities to demonstrate that he exhausted state court remedies with respect to his habeas corpus claim, *see* ECF Nos. 13, 24, and he has failed to make the required showing. Accordingly, this action will be summarily dismissed for failure to exhaust state court remedies as required by 28 U.S.C. 2254.

IT IS SO ORDERED.

DATED: January 12, 2023.

CHIEF UNITED STATES DISTRICT JUDGE

---

no basis on which this court can conclude the claims raised in this action were exhausted in any of those petitions.